### In re PENN CENTRAL COMMERCIAL PAPER LITIGATION.

*Manufacturers Bank and Trust Company of St. Louis v. Goldman, Sachs & Co.,* (E.D.Mo., Civil Action No. 71C 161 (2)), S.D.N.Y. Civil Action No. 71 Civ. 2228

### No. 56A.

Judicial Panel on Multidistrict Litigation.
April 27, 1973.

See also Jud.Pan.Mult.Lit., 337 F. Supp. 335.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD,* EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The above-captioned action is one of many brought against Goldman, Sachs alleging violations of the federal securities laws in connection with the sale of commercial paper of Penn Central Transportation Company by Goldman, Sachs. The actions in this litigation were transferred by the Panel to the Southern District of New York and assigned to the Honorable David N. Edelstein for coordinated or consolidated pretrial proceedings pursuant to 28 U.S. C. § 1407. Plaintiff in the above-captioned action has moved, pursuant to Rule 15(c)(i) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 55 F.R.D. LI (Jud.Pan.Mult. Lit.1972), for remand of this action from the Southern District of New York to the Eastern District of Missouri for further proceedings and trial. Defendant opposes remand and, on the basis of the papers filed and the hearing held, we find that plaintiff's motion for remand is premature.

Even though the transferee court has ordered all discovery in this litigation to be completed by April 30, 1973, plaintiff asserts that all common discovery in the coordinated or consolidated proceedings is already complete and that its action is now ripe for remand. Defendant Goldman, Sachs does not agree. It argues that the depositions it has scheduled are important to its defense of plaintiff's claims as well as the claims asserted by the other plaintiffs against Goldman, Sachs and, to this extent, discovery common to all actions is not complete. Plaintiff contends, however, that defendant's depositions are only important to the third-party claims asserted by Goldman, Sachs against the Penn Central railroad defendants, which claims the Panel has severed from the Penn Central commercial paper litigation and transferred to the Eastern District of Pennsylvania as part of the coordinated or consolidated pretrial proceedings in the Penn Central securities fraud litigation pending before the Honorable Joseph S. Lord, III.

Clearly, the parties are in dispute as to whether any common discovery remains to be completed in the coordinated or consolidated proceedings in New York. The transferee judge, of course, is in the best position to assess whether common discovery has been exhausted and whether an action is ripe for remand. In addition to discovery, there may be other matters common to the actions in the coordinated or consolidated pretrial proceedings that the transferee judge may wish to resolve prior to remand under Section 1407. In view of the April 30 deadline for the completion of discovery in this litigation and absent any indication from the transferee judge concerning the appro-

* Although Judge Weinfeld was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

**286**

priateness of remand, it would be premature for us to order this action remanded to the Eastern District of Missouri at this time.

It is therefore ordered that plaintiff's motion for remand of the above-captioned action from the Southern District of New York to the Eastern District of Missouri be, and the same hereby is, denied, but without prejudice to reconsideration at a later time.